Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2018**

E-Filing Number: 1812046055

**002689**

| | |
|---|---|
| PLAINTIFF'S NAME<br>JESSE HERNANDEZ | DEFENDANT'S NAME<br>INDEPENDENCE TREE SERVICE, LLC |
| PLAINTIFF'S ADDRESS<br>4901 STENTON AVE. APT. 407<br>PHILADELPHIA PA 19144 | DEFENDANT'S ADDRESS<br>50 SENN DR.<br>CHESTER SPRINGS PA 19425 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1234 MARKET STREET, 4TH FLOOR<br>PHILADELPHIA PA 19107 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>60 MASSACHUSETTS AVE.<br>WASHINGTON DC 20002 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| 1 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

DEC 21 2018

**A. SILIGRINI**

IS CASE SUBJECT TO COORDINATION ORDER?

YES     NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JESSE HERNANDEZ

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JEFFREY P. GOODMAN | ADDRESS<br>SALTZ MONGELUZZI BARRETT<br>52ND FL   ONE LIBERTY PLACE<br>1650 MARKET STREET<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)496-8282 | FAX NUMBER<br>(215)496-0999 | |
| SUPREME COURT IDENTIFICATION NO.<br>309433 | E-MAIL ADDRESS<br>jgoodman@smbb.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JEFFREY GOODMAN | DATE SUBMITTED<br>Friday, December 21, 2018, 01:49 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/JEFFREY P. GOODMAN/
SAMUEL B. DORDICK
IDENTIFICATION NO: 36283/309433/322647
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

Filed and Attested by the
Office of Judicial Records
21 DEC 2018 01:49 pm
E. BILLGRINI

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **JESSE HERNANDEZ**<br>4901 Stenton Ave.<br>Apt. 407<br>Philadelphia, PA 19144<br><br>*Plaintiff*<br><br>vs.<br><br>**INDEPENDENCE TREE SERVICE LLC**<br>50 Senn Dr.<br>Chester Springs, PA 19425<br><br>*And*<br><br>**SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY**<br>1234 Market Street, 4th Floor<br>Philadelphia, PA 19107<br><br>*And*<br><br>**NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK**<br>60 Massachusetts Ave.<br>Washington, D.C. 20002<br><br>*Defendants* | **PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS**<br><br>**DECEMBER TERM, 2018**<br><br>**No.:**<br><br>**JURY OF 12 DEMANDED<br>THIS IS NOT AN ARBITRATION<br>MATTER** |

Case ID: 181202689

## COMPLAINT – CIVIL ACTION

<table>
<tr>
<td>

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

</td>
<td>

"AVISO

"Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y también para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701"

</td>
</tr>
</table>

1.    Plaintiff, Jesse Hernandez, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 4901 Stenton Ave., Apt. 407, Philadelphia, PA 19144.

2.    Defendant, Independence Tree Service LLC (hereinafter referred to as Defendant "Independence Tree Service") is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 50 Senn Dr., Chester Springs, PA 19425.

3.    At all times relevant hereto, Defendant Independence Tree Service was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Independence Tree Service.

4.    At all times relevant hereto, Defendant Independence Tree Service purposely established significant contacts in Pennsylvania, has carried out and continues to carry out

2

substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

5.    Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as Defendant "SEPTA") is a corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1234 Market St., Philadelphia, PA 19107.

6.    At all times relevant hereto, Defendant SEPTA was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant SEPTA.

7.    At all times relevant hereto, Defendant SEPTA purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

8.    Defendant, National Railroad Passenger Corporation d/b/a Amtrak (hereinafter referred to as Defendant "Amtrak") is a corporation or other business entity organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

9.    At all times relevant hereto, Defendant Amtrak was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with Defendant Amtrak.

10.    At all times relevant hereto, Defendant Amtrak purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and

3

systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

11. On March 12, 2018, Plaintiff, Jesse Hernandez, was lawfully working at and/or around the train tracks located at South 58th Street and Grays Avenue in Philadelphia, Pennsylvania (hereinafter referred to as the "Accident Site").

12. At all times relevant hereto, Plaintiff was lawfully performing work at the Accident Site as a business invitee, to whom Defendants owed the highest duty of care.

13. The payor on Plaintiff's paychecks at the time of the accident was Minority Services, Inc.

14. Plaintiff's W-2 at the time of the accident lists his employer as Minority Services, Inc.

15. Plaintiff's Workers' Compensation paperwork lists the employer as Minority Services Inc.

16. Upon information and belief, Defendant Independence Tree Service was hired to perform work at and/or around the train tracks at the Accident Site.

17. Defendant, Independence Tree Service, had a duty to provide Plaintiff with a safe place in which to work.

18. Defendant, Independence Tree Service, had a duty to ensure that Plaintiff was safe while performing his work.

19. Defendant, Independence Tree Service, had a duty to undertake steps and/or measures to prevent a train from hitting the workers at the Accident Site, including Plaintiff.

4

20. Defendant, Independence Tree Service, had a duty to appropriately plan and/or coordinate the work at the Accident Site in such a way so as to ensure the safety of all workers on the Accident Site, including Plaintiff.

21. Defendant, Independence Tree Service, had a duty to communicate with Defendants SEPTA and/or Amtrak the plan for the work to be performed at the Accident Site to ensure the safety of all workers on the Accident Site, including Plaintiff.

22. Defendant, Independence Tree Service, had a duty to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains, including Plaintiff.

23. Defendant, Independence Tree Service, knew or should have known that a failure to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains would result in severe injury and/or death to workers on the Accident Site, including Plaintiff.

24. Despite knowing or being in the position to know that a failure to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains would result in severe injury and/or death to workers on the Accident Site, including Plaintiff, Defendant, Independence Tree Service failed to take the all aforementioned proper, necessary and appropriate measures.

25. The aforementioned train tracks are owned, operated and controlled by Defendant Amtrak.

5

26.     Defendant, Amtrak, had a duty to ensure that any and all work performed on and/or around the train rail lines it owned, including those at the Accident Site, was performed safely.

27.     Defendant, Amtrak, had a duty to ensure that no person lawfully performing work at and/or around its train rail lines, including Plaintiff, were injured by trains traveling along aforesaid train rail lines.

28.     Defendant, Amtrak and/or SEPTA, had a duty to hire competent and safe contractors and/or subcontractors to perform work at and/or around the train rail lines which it owned and/or operated its trains on.

29.     Defendants, Amtrak and/or SEPTA, had a duty to routinely and appropriately communicate with Defendant, Independence Tree Service, regarding the daily train schedule and work schedule to ensure that all workers on site knew when trains would be passing through the Accident Site and that all trains, including SEPTA trains, were aware of the precise location of active work.

30.     Defendant, SEPTA, had a duty to adequately alert persons on and/or around the train tracks upon which it traveled of the approach of its train, including Plaintiff.

31.     Defendant, SEPTA, had a duty to communicate with Defendant, Independence Tree Service, to ensure that SEPTA's train operators and/or engineers were aware of the precise location and time that work was being performed on and/or near the train tracks upon which its trains traveled.

32.     Defendant, SEPTA, had a duty to sound the horn on its train as it approached any active work area, including the Accident Site, to alert workers of the approaching train.

6

33.     Defendant, SEPTA, had a duty to inform contractors and/or subcontractors who were performing work at and/or around the train rail lines which SEPTA's trains traveled, of the times which trains would be passing through the work areas of said contractors and/or subcontractors, including the Accident Site.

34.     On March 12, 2018, Plaintiff was performing work in a ditch and/or hole that was located immediately adjacent to and/or underneath the train tracks owned, operated, managed, and maintained by Amtrak, located at the Accident Site.

35.     Defendant, Independence Tree Service, was responsible to alert Plaintiff when a train was approaching the area of Plaintiff's work with enough time for Plaintiff to safely exit the ditch and/or hole he was working in before the train passed.

36.     Defendant, Independence Tree Service, knew or should have known that failing to timely alert Plaintiff when a train was approaching the area of Plaintiff's work with enough time for Plaintiff to safely exit the ditch and/or hole before the train passed, would result in severe injury and/or death to Plaintiff.

37.     On the aforementioned date, a train that was owned and operated by Defendant SEPTA, believed to be the Airport Regional Rail Line, a Hyundai SilverLiner V, bearing plate number 836, was traveling eastbound and approaching the Accident Site where Plaintiff was performing his work.

38.     Defendant, Independence Tree Service, failed to alert and/or timely alert Plaintiff to the fact that the aforementioned SEPTA train was rapidly approaching the Accident Site where Plaintiff was working.

39.     Defendant, Independence Tree Service, failed to alert and/or timely alert Plaintiff to the fact that the aforementioned SEPTA train was rapidly approaching the area where Plaintiff

7

was working, despite knowing that such a failure would result in the severe injury and/or death to Plaintiff.

40.     Defendant, SEPTA, failed to sound its horn to alert Plaintiff that it was approaching.

41.     Defendant, Amtrak, failed to properly and appropriately communicate with Defendants, SEPTA and/or Independence Tree Service, to ensure that all workers and SEPTA were aware of the precise location where work was being performed and the time at which train(s) would pass through the work areas, including the Accident Site.

42.     Immediately upon recognizing that the aforementioned SEPTA train was approaching, Plaintiff attempted to exit the ditch and/or hole he was working in and avoid the train.

43.     Defendant, Independence Tree Service, had a duty to provide Plaintiff with safe and efficient means of exiting the ditch and/or hole he was working in.

44.     Defendant, Independence Tree Service failed to provide Plaintiff with a safe and efficient means of exiting the ditch and/or hole he was working in.

45.     Due to the fact that Defendant, Independence Tree Service, failed to alert and/or timely alert Plaintiff to the approaching SEPTA train and did not provide Plaintiff with safe and efficient means of exiting the ditch and/or hole, Plaintiff did not have enough time to exit the ditch and/or hole before the SEPTA train reached his work area.

46.     Plaintiff was violently struck by the aforementioned SEPTA train and was thrown multiple feet through the air, sustaining catastrophic, permanent and life-altering injuries.

47.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendants, Plaintiff, Jesse Hernandez,

8

was forced to suffer serious, disabling and permanent injuries, including but not limited to a traumatic brain injury, skull fracture with subdural hematoma, severely comminuted displaced mandible fracture requiring open reduction internal fixation, sternal fracture, retrosternal hematoma, fractures of the nasal bones, maxillary sinus fracture, traumatic epidural hematoma, cervical spine ligamentous injury, bilateral lung contusions, severe lacerations on his scalp, face, jaw and torso, mesenteric hematoma, left-sided hearing loss, severe sepsis, pneumonia, post-traumatic stress disorder, anxiety, difficulty sleeping; Plaintiff was hospitalized for more than 18 days, where he was respirator-dependent; and other orthopedic, neurological and psychological injuries, the full extent of which has yet to be determined. Plaintiff has in the past and may in the future require medicines, medical care and treatment; Plaintiff has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical are and treatment; Plaintiff has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; Plaintiff has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment.

    a.    As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of Defendants, Plaintiff, Jesse Hernandez, has in the past required, continues to require, and may in the future require medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure his condition(s).

9

b.   As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of Defendants, Plaintiff, Jesse Hernandez, has in the past and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

c.   As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of Defendants, Plaintiff, Jesse Hernandez, has been prevented and will be prevented in the future from performing his usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

48.   As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendants, Plaintiff, Jesse Hernandez, suffered the injuries and damages described herein.

49.   Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

50.   Plaintiff avers that his injuries and damages were caused solely by the acts and/or omissions of the Defendants, jointly and/or individually and/or by and through their respective agents, servants, workmen and/or employees as hereinbefore and hereinafter set forth.

Case ID: 181202689

## COUNT I – NEGLIGENCE

## JESSE HERNANDEZ v. INDEPENDENCE TREE SERVICE LLC

51.    Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length herein.

52.    At all times relevant hereto, Defendant, Independence Tree Service, had a duty to supervise the work being performed at the Accident Site to ensure that the work was being done safely.

53.    Defendant, Independence Tree Service, undertook the supervision of the work being performed at the Accident Site, and in connection therewith, had a duty to establish plans, recommendations, designs, procedures and specifications for the performance of said work.

54.    At all times relevant hereto, Defendant, Independence Tree Service, having undertaken the inspection and supervision of the work, owed a duty to those persons engaged in the performance of said work, including Plaintiff, a business invitee, to provide a reasonably safe environment, free from unreasonable and dangerous hazards, within which Plaintiff was to perform his work.

55.    Defendant, Independence Tree Service, had a duty to provide Plaintiff with a safe place in which to work.

56.    Defendant, Independence Tree Service, had a duty to ensure that Plaintiff was safe while performing his work.

57.    Defendant, Independence Tree Service, had a duty to undertake steps and/or measures to prevent a train from hitting the workers at the Accident Site, including Plaintiff.

11

58.     Defendant, Independence Tree Service, had a duty to appropriately plan and/or coordinate the work at the Accident Site in such a way so as to ensure the safety of all workers on the Accident Site, including Plaintiff.

59.     Defendant, Independence Tree Service, had a duty to communicate with Defendants SEPTA and/or Amtrak the plan for the work to be performed at the Accident Site to ensure the safety of all workers on the Accident Site, including Plaintiff.

60.     Defendant, Independence Tree Service, had a duty to adopt, promulgate and enforce proper, adequate, necessary and appropriate standards, guidelines, plans and/or procedures for the establishment and/or maintenance of workplace and work site safety for the protection of the workers, including Plaintiff.

61.     Defendant, Independence Tree Service, had a duty to adequately and appropriately communicate with Defendants SEPTA and/or Amtrak to ensure that any and all trains being operated on the train rail lines that run through the Accident Site were aware of the precise location of Defendants' work.

62.     Defendant, Independence Tree Service, had a duty to adequately and appropriately communicate with Defendants SEPTA and/or Amtrak, to ensure that SEPTA and/or Amtrak was aware of the precise location of Defendant's work at and/or around the train tracks.

63.     Defendant, Independence Tree Service, had a duty to adequately and appropriately communicate with Defendants SEPTA and/or Amtrak to develop, implement and enforce a plan and/or method for alerting workers at the Accident Site, including Plaintiff, of incoming trains.

12

64.     Defendant, Independence Tree Service, had a duty to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains, including Plaintiff.

65.     Defendant, Independence Tree Service, knew or should have known that a failure to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains would result in severe injury and/or death to workers on the Accident Site, including Plaintiff.

66.     Despite knowing or being in the position to know that a failure to take all proper, necessary and appropriate measures to ensure that all workers on the Accident Site were adequately notified and/or otherwise made aware of approaching trains would result in severe injury and/or death to workers on the Accident Site, including Plaintiff, Defendant, Independence Tree Service failed to take the all aforementioned proper, necessary and appropriate measures.

67.     Defendant, Independence Tree Service, had a duty to alert Plaintiff to any and all approaching trains so he could safely exit the work area prior to the train passing.

68.     Defendant, Independence Tree Service, knew or should have known that a failure to alert Plaintiff to any and all approaching trains so he could safely exit the work area prior to the train passing would result in severe injury and/or death to Plaintiff.

69.     Despite the aforesaid knowledge, Defendant, Independence Tree Service, failed to alert Plaintiff to the approaching SEPTA train that ultimately smashed into Plaintiff and caused the devastating and permanent injuries described herein.

70.     At all times relevant hereto, Defendant, Independence Tree Service, individually, jointly and/or severally, maintained certain responsibilities and obligations for the work being

13

performed by Plaintiff at the time of the accident, including responsibilities for keeping the Accident Site free from hazards, the responsibility not to create dangerous conditions by its activities thereupon, and to implement and enforce any and all necessary safety precautions.

71.     Defendant, Independence Tree Service, failed all of the aforementioned duties and responsibilities.

72.     Defendant, Independence Tree Service, is vicariously liable for the actions and/or inactions of their employees, agents, and workmen, which caused Plaintiff's injuries, losses and expenses, under theories of vicarious liability and agency and/or under the doctrine of *respondeat superior*.

73.     Defendant, Independence Tree Service, by and through their respective agents, servants, employees, and/or workmen, acted carelessly, negligently, grossly negligently, and/or recklessly, both generally and in the following particular respects:

        a.    Failing to provide Plaintiff with a safe place in which to work;

        b.    Failing to properly develop, plan, plot, design, coordinate, supervise, inspect, maintain, manage, sequence, and/or control the work being performed by Plaintiff and the Accident Site premises;

        c.    Failing to properly inspect and/or require that others under their control inspect the work and the Accident Site and regularly identify, remedy, and post warnings about dangerous and/or hazardous conditions;

        d.    Failing to properly plan the work at the Accident Site such that Plaintiff would not be exposed to extreme and unreasonable safety hazards, namely being violently struck by a train;

        e.    Failing to ensure that any and all workers performing work at the Accident Site, including Plaintiff, were not hit by a train;

        f.    Failing to alert Plaintiff to the approaching train;

        g.    Failing to alert Plaintiff to the approaching train despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

        h.    Failing to timely alert Plaintiff to the approaching train;

        i.    Failing to timely alert Plaintiff to the approaching train despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

j.  Failing to adequately communicate and/or coordinate with SEPTA and/or Amtrak to ensure that SEPTA and/or Amtrak was aware of the precise location and nature of Defendants' work;

k.  Failing to adequately communicate and/or coordinate with SEPTA and/or Amtrak to ensure that Defendants' workers, including Plaintiff, was aware of when train(s) would be approaching and/or passing through the Accident Site;

l.  Failing to adequately communicate and/or coordinate with SEPTA and/or Amtrak as to the precise location, time and nature of Defendants' work at the Accident Site despite knowing or being in the position to know that such a failure would result in severe injury and/or death to Defendants' workers, including Plaintiff;

m.  Failing to establish, create, develop, implement, monitor and/or enforce a proper and necessary plan and/or procedure for alerting workers, including Plaintiff, of trains that are approaching the Accident Site;.

n.  Failing to establish, create, develop, implement, monitor and/or enforce a proper and necessary plan and/or procedure for alerting workers, including Plaintiff, of trains that are approaching the Accident Site despite knowing or being in the position to know that such a failure would result in severe injury and/or death to Defendants' workers, including Plaintiff;

o.  Failing to hire, retain and/or employ competent and safe individuals responsible for establishing, creating, developing, implementing, monitoring and/or enforcing a proper and necessary plan and/or procedure for alerting workers, including Plaintiff, of trains that are approaching the Accident Site;

p.  Failing to hire, retain and/or employ competent and safe individuals responsible for alerting workers, including Plaintiff, of approaching trains;

q.  Failing to provide Plaintiff with a safe and efficient way to exit the ditch and/or hole he was working in immediately prior to the accident;

r.  Failing to protect Plaintiff from being hit by a train;

s.  Failing to prevent the train from hitting Plaintiff;

t.  Failing to appropriately plan the work;

u.  Failing to ensure that a proper and adequate job hazard analysis pertaining to Plaintiff's work and/or the work at the Accident Site be performed;

v.  Exposing Plaintiff to an unreasonable danger and risk of serious injury and/or death by failing to adopt, enact, employ and/or enforce proper and adequate safety programs, precautions, measures, procedures, training, supervision and/or plans;

w.  Breaching their duties under the Restatement (Second) of Torts;

15

x.  Failing to hire competent employees, safety inspectors, subcontractors, advisors, managers, equipment providers, material suppliers and others to ensure a safe workplace free of hazards;

y.  Violating and failing to comply with all federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, be they administrative, industry-wide or otherwise pertaining to the performance of construction work, including but not limited to applicable OSHA regulations;

z.  Performing and furnishing its services in a wholly inadequate, unsafe, negligent and reckless manner;

aa.  Failing to cease the work being performed at the Accident Site on the date of the accident until proper and necessary precautions could be taken to safeguard business invitees including Plaintiff;

bb.  Failing to develop, implement, and coordinate an accident prevention program and/or comprehensive safety program for all work being performed at the Accident Site and/or failing to cease the work until an accident prevention program was in place for all work being performed at the Accident Site;

cc.  Failing to implement, require and enforce policies and procedures that all contractors, subcontractors, and all other workers on the Accident Site understand, obey and sign off on the site-specific and task-specific safety rules and plans, including proper communication with any and all relevant and necessary entities, including Defendants SEPTA and/or Amtrak, regarding the precise location, time and nature of Defendants' work at and/or near the subject train tracks;

74.  By reason of the carelessness, negligence, gross negligence, recklessness and other liability producing conduct of Defendant, Independence Tree Service, Plaintiff, Jesse Hernandez, sustained serious and permanently disabling injuries as more fully set forth above and incorporated herein by reference the same as though fully set forth herein.

75.  By conducting themselves as set forth above, Defendant, Independence Tree Service's acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's serious, catastrophic and permanent injuries.

**WHEREFORE**, Plaintiff, Jesse Hernandez, claims of Defendant, Independence Tree Service, jointly and severally, sums in excess of the jurisdictional limit in compensatory

16

damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT II – NEGLIGENCE

### JESSE HERNANDEZ v. SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

76.     Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length.

77.     Defendant, SEPTA, had a duty to hire competent and safe contractors and/or subcontractors to perform work at and/or around the train rail lines which it owned and/or operated its trains on.

78.     Defendant, SEPTA, had a duty to routinely and appropriately communicate with Defendant, Independence Tree Service, regarding the daily train schedule and work schedule to ensure that all workers on site knew when trains would be passing through the Accident Site and that all trains, including SEPTA trains, were aware of the precise location of active work.

79.     Defendant, SEPTA, had a duty to adequately alert persons on and/or around the train tracks upon which it traveled of the approach of its train, including Plaintiff, an adequate time and/or distance away from said persons to allow for sufficient time for said persons to protect themselves.

80.     Defendant, SEPTA, knew or should have known that failing to adequately alert persons on and/or around the train tracks upon which it traveled of the approach of its train, including Plaintiff, would result in severe injury and/or death to Plaintiff.

81.     Despite this aforesaid knowledge, Defendant, SEPTA, failed to adequately alert persons on and/or around the train tracks upon which it traveled of the approach of its train, including Plaintiff.

Case ID: 181202689

82.     Defendant, SEPTA, had a duty to adequately communicate with Defendant, Independence Tree Service, to ensure that SEPTA's train operators and/or engineers were aware of the precise location and time that work was being performed on and/or near the train tracks upon which its trains traveled.

83.     Defendant, SEPTA, had a duty to sound the horn on its train an adequate time and/or distance away as it approached any active work area, including the Accident Site, to alert workers of the approaching train.

84.     Defendant, SEPTA, knew or should have known that failing to sound the horn on its train an adequate time and/or distance away as it approached any active work area, including the Accident Site, to alert workers of the approaching train would result in severe injury and/or death to said workers, including Plaintiff.

85.     Despite this aforesaid knowledge, Defendant, SEPTA, failed to sound the horn on its train at an adequate time and/or distance away from the Accident Site and thus did not alert Plaintiff with sufficient time to allow him to protect himself and get out of the way of the oncoming train.

86.     Defendant, SEPTA, had a duty to inform contractors and/or subcontractors who were performing work at and/or around the train rail lines which SEPTA's trains traveled, of the times which trains would be passing through the work areas of said contractors and/or subcontractors, including the Accident Site.

87.     Defendant, SEPTA, had a duty to adequately communicate with Defendant, Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service's, work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks.

18

88.     Defendant, SEPTA, knew or should have known that failing to adequately communicate with Defendant, Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service's work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks would result in severe injury and/or death to Plaintiff.

89.     Despite this aforesaid knowledge, Defendant, SEPTA, failed to adequately communicate with Defendant, Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service, work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks.

90.     Defendant SEPTA failed its aforementioned duties.

91.     Defendant, SEPTA, by and through its agents, servants, workmen, and/or employees, acted carelessly, negligently, grossly negligently, and/or recklessly, both generally and in the following particular respects:

       a.    Failing to safely operate its train;

       b.    Failing to operate its train in such a way as to not violently collide with Plaintiff;

       c.    Failing to sound the horn on its train as the train approached the Accident Site with sufficient time to allow Plaintiff to exit the work area and/or otherwise protect himself;

       d.    Failing to sound the horn on its train as the train approached the Accident Site with sufficient time to allow Plaintiff to exit the work area and/or otherwise protect himself despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

       e.    Failing to adequately communicate with Defendant, Independence Tree Service, regarding the plan for Defendants' work at the Accident Site;

       f.    Failing to adequately communicate with Defendant, Independence Tree Service, regarding the precise location, time and nature of Defendants' work at the Accident Site;

g.   Failing to adequately communicate with Defendant, Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the approach of a train with enough time to exit the work area and/or otherwise make themselves safe and avoid being hit by the train;

h.   Failing to adequately communicate with Defendant, Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the approach of a train with enough time to exit the work area and/or otherwise make themselves safe and avoid being hit by the train, despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

i.   Failing to adequately communicate with Defendant, Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the daily train schedule and when workers at the Accident Site should expect trains to be approaching and/or passing through the Accident Site;

j.   Failing to adequately communicate with Defendant, Independence Tree Service, to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train;

k.   Failing to adequately communicate with Defendant, Independence Tree Service, to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

l.   Failing to inform and/or educate its train operators and/or engineers regarding the daily location, time and nature of Defendants' work at the Accident Site;

m.   Failing to stop the subject train before hitting Plaintiff;

n.   Hitting Plaintiff with the train;

o.   Failing to adequately communicate with Defendant Amtrak to determine the precise location, time and nature of the work being performed by Defendant, Independence Tree Service, at the Accident Site;

p.   Failing to adequately communicate with Defendant Amtrak to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train;

20

q.   Breaching its duties under the Restatement (Second) of Torts;

r.   Failing to hire competent employees, safety inspectors, subcontractors, advisors, managers, equipment providers, material suppliers and others to ensure a safe workplace free of hazards;

s.   Violating and failing to comply with all federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, be they administrative, industry-wide or otherwise pertaining to the performance of construction work, including but not limited to applicable OSHA regulations.

92.   By reason of the carelessness, negligence, gross negligence, recklessness and other liability producing conduct of Defendant, SEPTA, Plaintiff, Jesse Hernandez, sustained serious and permanently disabling injuries as more fully set forth above and incorporated herein by reference the same as though fully set forth herein.

93.   By conducting itself as set forth above, Defendant SEPTA's acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's serious, catastrophic and permanent injuries.

**WHEREFORE**, Plaintiff, Jesse Hernandez, claims of Defendant, Southeastern Pennsylvania Transportation Authority, jointly and severally, sums in excess of the jurisdictional limit in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT III – NEGLIGENCE

### JESSE HERNANDEZ v. AMTRAK

94.   Plaintiff hereby incorporates all preceding paragraphs of this Complaint the same as if set forth at length.

95.   Defendant, Amtrak, had a duty to hire competent and safe contractors and/or subcontractors to perform work at and/or around the train rail lines which it owned and/or operated its trains on.

21

96.     Defendant, Amtrak, had a duty to routinely and appropriately communicate with Defendant, Independence Tree Service, regarding the daily train schedule and work schedule to ensure that all workers on site knew when trains would be passing through the Accident Site and that all trains, including SEPTA and/or Amtrak trains, were aware of the precise location of active work.

97.     Defendant, Amtrak, had a duty to ensure that any and all work performed on and/or immediately adjacent to the train tracks which it owned, including the subject tracks, was performed safely.

98.     Defendant, Amtrak, had a duty to adequately alert persons on and/or around the train tracks which it owned of the approach of any train, including Plaintiff, an adequate time and/or distance away from said persons to allow for sufficient time for said persons to protect themselves.

99.     Defendant, Amtrak, knew or should have known that failing to adequately alert persons on and/or around the train tracks which it owned of the approach of any train, including Plaintiff, would result in severe injury and/or death to Plaintiff.

100.    Despite this aforesaid knowledge, Defendant, Amtrak, failed to adequately alert persons on and/or around the train tracks which it owned of the approach of any train, including Plaintiff.

101.    Defendant, Amtrak, had a duty to adequately communicate with Defendants, SEPTA and/or Independence Tree Service, to ensure that the train operators and/or engineers operating trains on Defendant Amtrak's tracks were aware of the precise location and time that work was being performed on and/or near the train tracks which it owned.

22

102.     Defendant, Amtrak, had a duty to inform contractors and/or subcontractors who were performing work at and/or around the train rail lines which it owned, of the times which trains would be passing through the work areas of said contractors and/or subcontractors, including the Accident Site.

103.     Defendant, Amtrak, had a duty to adequately communicate with Defendants, SEPTA and/or Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service's work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks.

104.     Defendant, Amtrak, knew or should have known that failing to adequately communicate with Defendant, Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service's work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks would result in severe injury and/or death to Plaintiff.

105.     Despite this aforesaid knowledge, Defendant, Amtrak, failed to adequately communicate with Defendant, Independence Tree Service, to plan the location(s) and time(s) of Defendant, Independence Tree Service's work to ensure that all workers and SEPTA train operators and/or engineers were aware of when and where work would be performed on and/or adjacent to the train tracks.

106.     Defendant Amtrak failed its aforementioned duties.

107.     Defendant, Amtrak, by and through its agents, servants, workmen, and/or employees, acted carelessly, negligently, grossly negligently, and/or recklessly, both generally and in the following particular respects:

a.   Failing ensure that trains being operated on tracks which it owned were being operated safely;

b.   Failing to ensure that trains operated on tracks which it owned were not operated in such a way so as to violently smash into Plaintiff;

c.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, regarding the plan for Defendants' work at the Accident Site;

d.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, regarding the precise location, time and nature of Defendants' work at the Accident Site;

e.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the approach of a train with enough time to exit the work area and/or otherwise make themselves safe and avoid being hit by the train;

f.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the approach of a train with enough time to exit the work area and/or otherwise make themselves safe and avoid being hit by the train, despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

g.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, to develop a proper and necessary plan for alerting workers at the Accident Site, including Plaintiff, as to the daily train schedule and when workers at the Accident Site should expect trains to be approaching and/or passing through the Accident Site;

h.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train;

i.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service, to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train despite knowing that such a failure would result in severe injury and/or death to Plaintiff;

j.   Failing to inform and/or educate its train operators and/or engineers and/or Defendant SEPTA's train operators and/or engineers regarding the daily location, time and nature of Defendants' work at the Accident Site;

24

k.   Failing to prevent the subject train from violently hitting Plaintiff;

l.   Failing to adequately communicate with Defendant SEPTA to determine and/or relay the precise location, time and nature of the work being performed by Defendant, Independence Tree Service, at the Accident Site;

m.   Failing to adequately communicate with Defendants, SEPTA, and/or Independence Tree Service to plan, create, enact, implement, monitor, and/or enforce a proper and necessary plan for alerting workers on and/or near the train tracks as to the approach of a train with sufficient time to allow said workers, including Plaintiff, to protect themselves from being hit by the train;

n.   Breaching its duties under the Restatement (Second) of Torts;

o.   Failing to hire competent employees, safety inspectors, subcontractors, advisors, managers, equipment providers, material suppliers and others to ensure a safe workplace free of hazards;

p.   Violating and failing to comply with all federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, be they administrative, industry-wide or otherwise pertaining to the performance of construction work, including but not limited to applicable OSHA regulations.

108.   By reason of the carelessness, negligence, gross negligence, recklessness and other liability producing conduct of Defendant Amtrak, Plaintiff, Jesse Hernandez, sustained serious and permanently disabling injuries as more fully set forth above and incorporated herein by reference the same as though fully set forth herein.

109.   By conducting itself as set forth above, Defendant, Amtrak's acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's serious, catastrophic and permanent injuries.

**WHEREFORE,** Plaintiff, Jesse Hernandez, claims of Defendant, Amtrak, jointly and severally, sums in excess of the jurisdictional limit in compensatory damages, punitive damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**

BY: _/s/ Robert J. Mongeluzzi_
      ROBERT J. MONGELUZZI
      JEFFREY P. GOODMAN
      SAMUEL DORDICK
      *Attorneys for Plaintiffs*

Case ID: 181202689

## VERIFICATION

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to falsification to authorities.

JESSE HERNANDEZ

Dated: 12/20/18

28