**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSE HERNANDEZ | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
|       v. | : | NO. 19-0510 |
| | | |
| INDEPENDENCE TREE SERVICE LLC | | |
| and SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY and | | |
| NATIONAL RAILROAD PASSENGER | | |
| CORPORATION d/b/a AMTRAK | : | |
|     Defendants. | | |

## <u>MEMORANDUM</u>

Jones, II   J.                                                              April 22, 2019

### I.      Introduction

Plaintiff Jesse Hernandez brought this claim against Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") by filing a Complaint seeking punitive, delay and compensatory damages for injuries caused by, among other allegations, SEPTA's alleged negligent training, hiring, supervision and communication in operating its train.  (Compl. ¶¶ 1, 5, 91–93.)  Because SEPTA is a Commonwealth party, this negligence claim was brought under the vehicle liability exception of the Political Subdivision Tort Claims Act.  42 PA. CONS. STAT. § 8542(b)(1).

SEPTA filed the instant Motion to Dismiss arguing that the allegations listed above cannot support a § 8542(b)(1) negligence claim, and further that punitive damages are inappropriate against SEPTA as a Commonwealth party.  (Br. Supp. Mot. Dismiss 4–8.)  As such, SEPTA is asking that the punitive damages claim be dismissed, and that all allegations against it regarding negligent training, hiring, supervision and communication in operating the

train be stricken. For the reasons set forth herein, SEPTA's Motion shall be granted in part and denied in part.

## II.    Standard of Review[1]

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224,233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips v. County of Allegheny,* 515 F.3d 224,233 (3d Cir. 2008) (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] As a preliminary matter, this Court notes that Defendant SEPTA is asking the court to strike allegations from Plaintiff's Complaint through use of a 12(b)(6) motion. Motions to Strike are governed by Rule 12(f), which provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The standard for assessing pleadings under 12(b)(6) is quite different than that utilized for a 12(f) motion. "While 'a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f),' a motion to strike is 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.' 'Striking some or all of a pleading is [] considered a drastic remedy to be resorted to only when required for the purposes of justice.'" *Weimer v. Cty. of Fayette*, Civil Action No. 17-1265, 2019 U.S. Dist. LEXIS 58675, at *7-8 (W.D. Pa. April 5, 2019) (citations omitted) (alteration in original). For purposes of the matter now before this Court, SEPTA's request to strike various allegations from Plaintiff's Complaint shall be assessed using the 12(f) standard.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

### III.     Background

Plaintiff alleges that on March 12, 2018, he was working near and under train tracks at South 58th Street and Grays Avenue in Philadelphia, Pennsylvania.  (Compl. ¶ 11.)   At some point in the workday, Plaintiff noticed a SEPTA Regional Rail train approaching his work site.  (Compl. ¶¶ 45, 76.)  Plaintiff contends he was not alerted of the approaching train in time to reach safety and was consequently struck and severely injured by the SEPTA train.  (Compl. ¶¶ 88–93.)

### IV.     Discussion

SEPTA first seeks dismissal of Plaintiff's claim against it for punitive damages.  As a Commonwealth party, SEPTA is exempt from punitive damages.  *Feingold v. SEPTA*, 517 A.2d 1270, 1277 (Pa. 1986) (concluding "that it would be inappropriate to assess punitive damages against SEPTA given its status as a Commonwealth agency.").  In his Opposition to the instant Motion, Plaintiff concedes punitive damages cannot be imposed against SEPTA.[2]  Accordingly, all claims against SEPTA for punitive damages shall be dismissed, and allegations of "gross negligence" and "recklessness" shall be stricken.

Next, SEPTA seeks to have various allegations regarding failure to properly hire, train, supervise, and/or communicate stricken.  This Court shall first address allegations of failure to communicate.

---

[2] *See* Pl.'s Opp. Mot. Dismiss 6 (acknowledging "punitive damages may not be imposed on SEPTA, as it is a Commonwealth agency.").

Plaintiff's Complaint contains various allegations pertaining to SEPTA's failure to adequately communicate to its own workers/train operators, as well as other relevant contractors and subcontractors regarding the time and location of the work being done at the accident site. (Compl. ¶¶ 29-31, 33, 78-82, 86-89. 91(e)-(k), (o)-(q), (s).)  Plaintiff further claims SEPTA's failure to communicate caused the accident and resultant injuries.  (Compl. ¶ 93.)

Under Pennsylvania law, Defendant SEPTA is a Commonwealth agency entitled to sovereign immunity. *Feingold v. Se. Pa. Transp. Auth.*, 517 A.2d 1270, 1276 (Pa. 1986)).  The defense of immunity is waived, however, for damages caused by the "operation of any motor vehicle in the possession or control" of SEPTA.  42 PA. CONS. STAT. § 8542(b)(1).  A successful claim under the vehicle liability exception, therefore, must plausibly show an injury caused by the sovereign party's negligent operation of its vehicle. *Mickle v. City of Philadelphia*, 707 A.2d 1124, 1126 (Pa. 1998) (citing 42 PA. CONS. STAT. § 8542(a)(b)(1)).

Until recently, Pennsylvania law interpreted the operation of a vehicle rather narrowly to only include the moving or driving of the vehicle.  *Love v. City of Philadelphia*, 543 A.2d 531, 534 (Pa. 1988) (holding that a vehicle "can only be operating . . . if he actually puts it in motion or drives it.").  However the Pennsylvania Supreme Court later expanded the definition of "operation" to reflect the "continuum of activity" and various "decision-making process[es] necessary to move the vehicle."  *Balentine v. Chester Water Auth.*, 191 A.3d 799, 809 (Pa. 2018).  As such, the new interpretation of "operation" under the exception explicitly embraces "more than simply *moving* the vehicle."  *Id.*

Communication with outside entities to ensure that the railway is clear and to alert workers of the approach of a train are, under the broad interpretation of *Balentine*, reasonably related to the decision-making processes necessary to safely operate a train.  Accordingly, this

4

Court cannot conclude that Plaintiff's allegations regarding SEPTA's negligent communication under the vehicle liability exception are not plausible and Defendant's Motion regarding these averments shall be denied.

With the exception of failure to communicate, Plaintiff has not responded to Defendant's request that allegations regarding failure to properly hire, train and supervise be stricken.[3] Accordingly, Defendant's request shall be deemed unopposed as to allegations pertaining to same. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991) (district court may treat motion under Rule 12 as unopposed where a represented party fails to respond).

Assuming *arguendo* Plaintiff had opposed the striking of references to properly hire, train and supervise, this Court would necessarily find Plaintiff has not plausibly pleaded facts to demonstrate how said allegations are material and/or pertinent to the immunity exception. *See Taylor v. SEPTA,* Civil Action No. 06-3426, 2007 U.S. Dist. LEXIS 26022, at *10 (E.D. Pa. April 5, 2007) (rejecting Plaintiff's negligence claims against SEPTA for failure to properly "hire, train and supervise" as an exception to sovereign immunity, finding said claims to have been repeatedly rejected by the Commonwealth Court) (citing *Clark v. SEPTA,* 691 A.2d 988, 992 (Pa. Commw. 1997), *appeal denied,* 704 A.2d 640 (Pa. 1997); *Martz v. Southeastern Pennsylvania Transp. Auth.*, 598 A.2d 580 (Pa. Commw. 1991)*; Borosky v. Commonwealth,* 406 A.2d 256 (Pa. Commw. 1979)).[4]

---

[3]  Although Plaintiff summarily suggests this Court should deny Defendant's Motion with regard to the negligent hiring and training issue in the "Questions Presented" portion of its brief, there is no further discussion of the issue.

[4]  To the extent Defendant takes issue with allegations of a failure to "inform" and "educate" the train operator of the work being done on or near the tracks during the relevant time period, said allegations fall under the umbrella of communication.  To the extent Defendant takes issue with use of "inform" and "educate" in the context of training, this Court cannot reasonably infer from Plaintiff's Complaint that the later are material and/or pertinent to the vehicle liability exception. As such, these allegations shall be stricken.

**V.      Conclusion**

For the reasons set forth above, SEPTA's Motion to Dismiss and Strike shall be denied as to Plaintiff's allegations of negligent communication and granted in all other respects.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II     J.